UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE FUTRELL, et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 4:14CV02063 ERW |
| | ) | |
| eRATE PROGRAM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Relator's First Amended Complaint [ECF No. 26].

### I. BACKGROUND

Plaintiffs Steve Futrell and David Gornstein ("Plaintiffs"), as relators, filed a qui tam action in this Court on December 16, 2014, alleging Defendant eRate Program, LLC ("Defendant") and various school systems violated the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*. As required by statute, the matter was sealed while the United States Attorney's Office reviewed and investigated the pleadings. The United States declined to intervene in the action. Plaintiffs filed an amended complaint on April 13, 2016, against Defendant, dismissing the school systems. For the purposes of this Motion, the Court accepts as true the following facts alleged in Plaintiffs' complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

The "E-Rate Program," is an universal service support program which helps schools and libraries obtain affordable telecommunication services, broadband internet access and internal network connections. Eligible school districts and libraries may apply for government funds,

which is dependent on the level of poverty in the area and if the school is located in an urban or rural area. Funding ranges from 20 to 90 percent of the cost of services. The program is administered by the Universal Services Administrative Company ("USAC") under the direction of the Federal Communications Commission ("FCC").

Plaintiffs were employees of Defendant. School systems in various states retained Defendant to apply for federal funding under the E-Rate Program. Some schools that retained Defendant are Whitnall School District, O'Fallon 203, Mater Dei High, Trinity Lutheran School, St. Louis Language Immersion Academy, St. Therese, Whitinsville Christian, St. Lorens Lutheran, St. Ann School, The Height School, Palmer Independent School District, Tarkio R1, Chartwell School, Hope Academy, Christ's Greenfield, Wright City R-2, Steelville, Excelsior Springs Job Corps., South Nodaway, St. Mary's Elementary, Alta Vista, Spalding Youth Center, Spokane School District, All Saints Catholic, St. Mary Parish School, Pleasant Hope School, St. Michael the Archangel, St. Anthony of Milwaukee, Bronaugh School District, Delano Dschool District, Knob Knoster, North Shelby, Confluence Academy, Wentzville, Ripley, and Enumclaw.

Defendant provided schools assistance with the regulations for compliance with the competitive bidding requirements in the statute, and with completion of paperwork required to request and obtain funds under the program. Defendant's representatives certified compliance with the program requirements without ensuring schools and districts had fulfilled the requirements or had obtained or retained supporting documentation to evidence competitive bidding.

In its Motion to Dismiss, Defendant asserts Plaintiffs complaint must be dismissed because Plaintiffs failed to plead their FCA claim with particularity.

**II.    STANDARD**

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III.   DISCUSSION

Defendant argues Plaintiffs' amended complaint fails to meet the strict pleading requirements of FRCP 9(b) and fails to state a claim under FRCP 12(b)(6). Specifically, Defendant contends Plaintiffs have not pled existence of a false claim, presentment, a false record or statement, or regulatory non-compliance with sufficient particularity.

The FCA creates liability for a person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A), (B). A person found to have violated the FCA is liable for a civil penalty between $5,000.00 and $10,000.00 plus three times the amount of damages which the United States Government sustains because of the person's actions. 31 U.S.C. § 3729(a)(1). FCA claims must comply with the heightened pleading standard of FRCP 9(b); a claim must be pled with particularity. *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). It must identify "who, what, where, when, and how." *Id*. If a plaintiff alleges a systematic practice against a defendant, the plaintiff must provide some representative examples of the allegedly fraudulent conduct. *Id*. FRCP 9(b) requires more than conclusory and generalized allegations. *United States ex rel. Joshi v. St. Luke's Hosp. Inc.*, 441 F.3d 552, 557 (8th Cir. 2006).

Plaintiffs' amended complaint fails to allege an FCA claim with particularity. There are no allegations identifying who, what, when, or where the violations occurred. Not even a general time period, such as a year, was alleged. While Plaintiffs included a list of schools which are

4

clients of Defendant, they do not include any allegations about which schools obtained funds after being Defendant fraudulently certified compliance or any other information about which schools were involved or impacted by the fraudulent behavior. The amended complaint is lacking in any specificity and cannot meet the heightened pleading standard required by FRCP 9(b).

Plaintiffs cite to *United States ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914 (8th Cir. 2014) to support their argument representative examples are not required to sufficiently plead an FCA claim. In *Thayer*, the Eighth Circuit did hold representative examples need not be pled for some portions of the complaint. *Id.* at 917. Instead, a plaintiff can satisfy FRCP 9(b) by "alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* (*quoting United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)). The plaintiff in *Thayer*, was the center manager for two of the defendant's clinics, oversaw defendant's billing and claims systems, and "was able to plead personal, first-hand knowledge of [the defendant's] submission of false claims." *Id*. The Eighth Circuit compared this to *Joshi*, where the plaintiff was an anesthesiologist at the defendant hospital, had no knowledge of the billing department and lacked sufficient indicia of reliability. *Id*.

Here, Plaintiffs provide no representative examples and have also not included any allegations indicating they have personal knowledge or first-hand experience with the fraudulent conduct alleged. The only facts included in the amended complaint about Plaintiffs are they are employees of Defendant. These allegations are similar to *Joshi*, and not *Thayer*. Therefore, the Court finds Plaintiffs have not met the heightened pleading standard required by FRCP 9(b) and

5

the complaint must be dismissed. The Court will grant Plaintiffs thirty days to amend their complaint, should they seek to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Relator's First Amended Complaint [ECF No. 26] is **GRANTED**.

Dated this 10th Day of August, 2016.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE