**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVE FUTRELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-02063 ERW |
| | ) | |
| eRATE PROGRAM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motions to Quash Third Party Subpoenas and Deposition of Custodian of Records [70, 71].

**I.     BACKGROUND**

Plaintiffs Steve Futrell and David Gornstein have filed this action against Defendant eRate Program, LLC, alleging Defendant violated the False Claims Act, 31 U.S.C § 3729, when applying for federal funding on behalf of various school districts and libraries. Plaintiffs, former employees of Defendant, allege Defendant did not comply with competitive bidding requirements, falsely certified it had complied with the competitive bidding process, and failed to retain documents showing compliance with the competitive bidding process. Prior to working for eRate, Program, LLC, Futrell worked for the Special School District of St. Louis County, and Gornstein worked for Solix, Inc., a company involved with the administration of the eRate Program.

In connection with this lawsuit, Defendant has issued subpoenas to the Special School District of St. Louis County and Solix, Inc. The subpoenas request identical information with respect to each plaintiff. This includes:

1. Any and all documents regarding [plaintiff's] employment application, including, but not limited to, his resume, cover letter, and references.
2. Any and all communications between [former employer] and [plaintiff] regarding his employment application, interviews, and the interview process.
3. [Plaintiff's] personnel and/or employment file, including, but not limited to, all employment records, employment contracts, separation agreements, performance evaluations, payroll records, benefits and any other documents constituting [Plaintiff's] personnel or employment file.
4. Any and all communications regarding [Plaintiff's] personnel or employment file, his job performance and his termination and/or resignation.

Plaintiffs have filed a Motion to Quash Third Party Subpoena to Special School District of St. Louis County and Deposition of Custodian of Records [70] and a Motion to Quash Third Party Subpoena to Solix, Inc., and Deposition of Custodian of Records [71], arguing "there is currently no reason for these confidential records to be released and the deposition should be quashed."[1] Plaintiffs alternatively request the employers first produce any documents associated with the subpoenas to Plaintiffs' attorney so Plaintiffs may review the documents and determine whether any confidential information should be withheld prior to handing the documents over to Defendant's attorney.

In response, Defendant claims the subpoenas are relevant because Plaintiffs have "put their qualifications squarely in controversy by relying on their employment history, both in their Complaint as well as their non-retained expert witness disclosure." Defendant further argues Plaintiffs have offered no authority to indicate these documents are privileged and therefore not subject to discovery.

## II. DISCUSSION

Courts have wide latitude in deciding motions to quash civil non-party subpoenas.

---

[1] With respect to the deposition, Plaintiffs only state a deposition is scheduled for September 5, 2017 and make no other references.

*Enterprise Holdings, Inc., v. McKinnon*, 4:14MC00516 AGF, 2014 WL 5421224, at *1 (E.D. Mo. Oct. 23, 2014). Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

It is difficult to discern which legal theory Plaintiffs are attempting to assert as grounds to prevent discovery of the documents and communications requested by Defendant. Plaintiffs merely state "there is currently no reason for these confidential records to be released." In any event, Plaintiffs have not demonstrated they are protected by any federal privilege to withhold production of the requested documents by their former employers. Nor, have Plaintiffs shown such information is irrelevant. Plaintiffs allege they gained extensive knowledge and experience with the eRate Program and the various requirements for obtaining federal funding through their former positions at the Special School District of St. Louis County and Solix, Inc. Further, presumably in reliance on their former positions, both Plaintiffs have disclosed they plan to testify as non-retained expert witnesses. Therefore, Plaintiffs have put their credibility directly at issue in this case, and their employment with the Special School District of St. Louis County and Solix, Inc., and documentation associated with such employment, is relevant. *See Wolfe v. Gallagher Bassett Servs., Inc.*, 4:11CV01610 ERW, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012) ("Plaintiff's full employment records are likely to lead to the discovery of admissible evidence regarding Plaintiff's credibility and Defendant's defenses.") (citing *Lyoch v. Anheuser–Busch Cos., Inc.*, 164 F.R.D. 62, 68 (E.D. Mo. 1995)).

Additionally, this Court notes in previous cases, it has granted in part motions to quash

similar subpoenas because it found the disputed subpoenas were overbroad. *See, e.g., Lutzeier v. Citigroup, Inc.*, 4:14CV183 RLW, 2015 WL 1853820, at *3 (E.D. Mo. Apr. 22, 2015); *Malkin v. Continental Cas. Co.*, 4:08MC581 CEJ, 2008 WL 5110958, at *3 (E.D. Mo. Dec. 2, 2008). However, this Court will not consider whether the disputed subpoenas in this case are overbroad because Plaintiffs have made no such claim in their motions.

While it is yet to be determined whether any of this information will be admissible at trial, this Court, finding the requested documents to be relevant to issues involved in the underlying suit, will not foreclose their acquisition by Defendant absent a clear claim of privilege. Both parties are reminded that a Protective Order [68] was entered in this case which would protect any confidential information that may be contained in subpoenaed documents from disclosure. However, during an in camera review, this Court found the social security numbers of Plaintiffs and family members were depicted on various documents. David Gornstein's social security number appeared at least 46 times, his wife's appeared at least 10 times, and his daughter's appeared at least 5 times. Steve Futrell's social security number appeared at least 29 times. Plaintiffs should redact these social security numbers from the documents before submitting the files to Defendant.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiffs' Motions to Quash Third Party Subpoenas and Deposition of Custodian of Records [70, 71] are **DENIED**. Plaintiffs shall submit the requested documents to Defendant in accordance with this Order no later than November 10, 2017.

So Ordered this 3rd Day of November, 2017.

*E. Richard Webber*
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE