UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE FUTRELL, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-02063 ERW |
| | ) | |
| eRATE PROGRAM, LLC, and Richard Senturia, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Leave to File Fourth Amended Complaint [98].

I.     **BACKGROUND**

In December 2014, Plaintiffs Steve Futrell and David Gornstein have filed this action against Defendant eRate Program, LLC, ("eRate") and 36 school districts, alleging Defendants violated the False Claims Act, 31 U.S.C § 3729, when applying for federal funding. On April 13, 2016, Plaintiffs amended their Complaint for the first time. In August 2016, this Court dismissed the First Amended Complaint on Defendants' motion and granted Plaintiffs leave to file a second amended complaint, stating the amended complaint lacked in specificity and did not meet the pleading standard required by the Federal Rules of Evidence 9(b). In September 2016, Plaintiffs filed their Second Amended Complaint.

On September 11, 2017, Defendants produced a list of all of Defendants' clients while Plaintiffs were employed with Defendant eRate. Plaintiffs then filed a Motion to Compel [76], asking the Court to order Defendants to produce files for all of eRate's clients. The Court held a hearing on the Motion to Compel, and at that hearing, Plaintiffs stated they did not have the client list and objected to providing the additional information with respect to all school districts

not originally named as defendants. This Court asked Defendants to show Plaintiffs where in discovery they had provided that list. This Court ultimately ordered Plaintiffs could only seek requested information with respect to the 36 clients that were originally included as defendants in this action as these are the school districts Plaintiffs claim to have "direct personal first-hand knowledge" that violated competitive bidding requirements under federal law.

At the same hearing, this Court also heard argument relating to Plaintiffs' Motion to File Third Amended Complaint [83]. Plaintiffs sought to include Missouri law claims it had previously included in a case Plaintiffs filed against eRate and Plaintiffs' supervisor in state court. That motion was granted in part and denied in part. Plaintiffs filed their Third Amended Complaint on February 28, 2018.

That same day, Plaintiffs filed a Motion for Leave to File Fourth Amended Complaint [98]. Plaintiffs seek to add the following sentence to the Complaint, "Additional school districts are listed and attached as Ex. A" and add the list they were provided on September 11, 2017, which includes every client of eRate, over one thousand schools, as an exhibit.

## II. DISCUSSION

A party may amend its answer within twenty days after it is served. Fed.R.Civ.P. 15(a). Otherwise, a party may amend the answer only by leave of court or by written consent of the adverse party. *Id.* The Court has wide discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Plaintiffs are not given an "absolute or automatic right" to amend their Complaint. *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Factors to consider in determining whether leave to amend should be granted include, but are not limited to: undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the non-moving party, or futility of the amendment. *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). Delay in seeking to amend, alone, is an insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. *Bell*, 160 F.3d at 455 (citing *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir.1981)). Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. *Id.*

Plaintiffs have had eRate's client list since September 11, 2017. Plaintiffs filed their Motion for Leave to File Third Amended Petition [83] on January 1, 2018. Thus, when asking this Court to amend their complaint for a fourth time, Plaintiffs had all of the information they now seek to include and nothing prevented them from incorporating the changes in their Proposed Fourth Amended Complaint into their Third Amended Complaint. This Court will not continue to grant motions to amend based on information already available to plaintiffs when plaintiffs filed previous motions to amend, especially when discovery is well underway. *See Moses.com*, 406 F.3d at 1066. Further, it is unclear what purpose adding this client list to the amended complaint would serve. All defendant school districts have been terminated in this action, and this Court has informed Plaintiffs they can subpoena any of the school districts included in this list to obtain the information Plaintiffs sought in their Motion to Compel [76]. This Court will not allow Plaintiffs' to circumvent its order by filing another of numerous motions to amend.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiffs' Motion for Leave to File a Fourth Amended Petition [98] is **DENIED**.

So Ordered this 22nd day of March, 2018.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE